IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          No. 03-40100-04-SAC

AHMED MOHAMMED-
ABDULLAH-OMAR AL-HAJ,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant Ahmed Al-Haj's motion for production of hearing transcripts of his change of plea and sentencing to assist him in the preparing and filing a motion for relief pursuant to 28 U.S.C. § 2255. (Dk. 200). The defendant conditionally pleaded guilty to possession of 332 pounds of pseudoephedrine for which he received a sentence of 210 months imprisonment. He appealed the district court's denial of his suppression motion, and the Tenth Circuit affirmed. The defendant pro se files his pending motion for production of transcripts pursuant to 28 U.S.C. § 753(f) and 18 U.S.C. § 3006A. With his motion, the defendant submits a financial affidavit showing he is indigent and an application to proceed in forma pauperis.

"Under 28 U.S.C. § 753, an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). Finding this statute constitutional, the Supreme Court "was satisfied at the collateral relief stage by affording a defendant a free transcript upon a showing of particularized need for the transcript as required by § 753." *Id.* (citing *United States v. MacCollom*, 426 U.S. 317, 326 (1976)). A prisoner does not have the right to a free transcript simply to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992); *United States v. Battle*, 2000 WL 374649 at *1 (D. Kan. Mar. 9, 2000). "[S]ome courts have held that the actual filing of a habeas petition is a necessary prerequisite" to § 753(f). *Sistrunk v. United States*, 992 F.2d at 259 (citing decisions from other circuits but not deciding whether to follow this interpretation of § 753(f)). The naked assertion of ineffective assistance of counsel without supporting factual allegations does not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319. "Conclusory allegations that a defendant was

denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)." *Sistrunk v. United States*, 992 F.2d at 259. "[S]ection 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Id.* at 260.

The defendant has yet to file his § 2255 motion and argues his fellow inmates need these transcripts in order to assist him in preparing his motion. The defendant discloses as his possible claims that his retained trial counsel was ineffective in not objecting to drug amounts at sentencing, in not explaining the "cooperation process" to him, and in misinforming him about his cooperation and possible sentences such that his plea was not knowing and voluntary. The defendant summarily asserts his claims are not frivolous and the transcripts are needed to decide them.

The court has several grounds for denying the defendant's motion for transcripts. First, "[t]he defendant has not yet filed a § 2255 motion." *United States v. Jackson*, 2001 WL 1464701 at *1 (D. Kan. Oct. 30, 2001)(citing *United States v. Basey*, No. 92-40036-01-DES, 1997 WL 51391 (D. Kan. Jan. 29, 1997); *see United States v. Horvath*, 157 F.3d 131, 133 (2nd Cir. 1998) ("Consistent with the approach taken by four other

circuits, the court held that 'a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed.'"); *see also Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (per curiam); *United States v. Reed*, 2006 WL 3229997, *2 (S.D. Ill. Nov. 7, 2006).  Second, the defendant has not come forward with specific factual allegations from which the court can determine that the defendant has non-frivolous § 2255 claims.  Conclusory and vague allegations of "misinformation" and "cooperation process" are insufficient and amount to nothing more than naked allegations of ineffective assistance of counsel that do not satisfy the requirements of § 753(f).  Third, the defendant's waiver of collateral attack rights in his plea agreement would appear to bar his claim related to sentencing.  *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).  Fourth, at this time, the defendant does not articulate any particularized need for the transcript from his change of plea hearing in order to challenge the voluntariness of his plea.  Should the defendant file a § 2255 motion challenging the voluntariness of his plea, a transcript from the change of plea hearing may be necessary.

      IT IS THEREFORE ORDERED that the defendant's motion for

production of hearing transcripts of his change of plea and sentencing to assist him in the preparing and filing a motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 200) is denied.

Dated this 30th day of April, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge