IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                                          Civil Case No. 07-4101-SAC
                                              Criminal Case No. 03-40100-04-SAC

AHMED MOHAMMED-
ABDULLAH-OMAR AL-HAJ,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the defendant Ahmed Al-Haj's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 211) and on the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement (Dk. 214). The defendant has filed no response to the government's motion. In his § 2255 motion, the defendant raises several unique challenges to this court's original jurisdiction of these charged offenses.

The defendant conditionally pleaded guilty on January 19, 2005, to count one of the indictment that charged him with possession of 332 pounds of pseudoephedrine having reasonable cause to believe it would be used to manufacture methamphetamine. The court sentenced

the defendant to 210 months in prison. Pursuant to his conditional plea, the defendant appealed the denial of his motion to suppress, and the Tenth Circuit affirmed the district court's ruling. *United States v. Al-Haj*, 181 Fed. Appx. 717 (10th Cir. May 19, 2006) (unpub.). The defendant filed his pending § 2255 motion in 2007.

The government moves to dismiss the § 2255 motion and to enforce the following term of the plea agreement:

> **9.** **Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).

(Dk. 147, Plea Agrmt. ¶ 9). Because the defendant has not filed a response to the government's motion, the court treats the motion to enforce as unopposed.

A court need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'" *United States v. Sandoval*, 477 F.3d 1204, 1206

2

(10th Cir. 2007) (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id.* at 1182-83. Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. All other ineffective assistance of counsel claims fall within the scope of a proper waiver. *Id.* at 1187. The Tenth Circuit has looked to the following factors in deciding the enforceability of such waivers: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Following basic contract principles for determining the scope of a waiver, a court will strictly construe the waiver and read any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1324-25. The plea agreement here plainly and clearly states that the defendant "waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and sentence" and "also waives any right to challenge a sentence . . . in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255" unless it is a matter that may not be waived under *Cockerham*. (Dk. 147, Plea Agrmt. ¶ 9). The court does not have before it any offered interpretation to contradict the straightforward reading and application of this waiver here or to suggest any troubling ambiguity. The plea agreement waiver plainly encompasses all collateral challenges, including any § 2255 motion, to the prosecution, conviction and sentence. The defendant's § 2255 issues do not include any ineffective assistance of counsel claims challenging the validity of the plea or the waiver. There are no allegations or challenges to what counsel represented in negotiations, the plea, or the waiver. *Cockerham*, 237 F.3d at 1187. Thus, the defendant's argued issues plainly fall within the scope of the plea

4

agreement waiver and are not subject to the *Cockerham* exception.

The defendant has the burden to demonstrate from the record that his waiver was not knowing and voluntary. *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). There is no argument here that the defendant's waiver was unknowing or involuntary. The defendant offers nothing in support of his burden. The plea agreement provides that the defendant "knowingly and voluntarily waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and sentence." (Dk. 147, Plea Agrmt. ¶ 9). At the change of plea hearing, the defendant averred that he was satisfied with his counsel's representation and that he had discussed with his counsel and understood he was waiving certain rights, including the right to pursue some issues. (Dk. 206, pp. 5, 13). After conducting a thorough inquiry, the court found the defendant's plea to have been made freely, voluntarily, knowingly, and understandingly. *Id.* at 20-21. Although the court did not directly address the specific waiver provision found in the plea agreement, the Tenth Circuit "has repeatedly held that a court's failure to directly address the appellate waiver provision does not negate that provision, so long as the record is clear that the waiver was entered into knowingly and voluntarily. *See United States v.*

*Black*, 201 F.3d 1296, 1301-02 (10th Cir.2000)." Moore v. United States, 37 Fed. Appx. 374, 375 -376 (10th Cir.), *cert. denied*, 123 S. Ct. 232 (2002); *see United States v. Arzate*, 2006 WL 3437540, at *4 (D. Kan. 2006).  This factor favors enforcing the waiver.

The enforcement of a waiver provision results in a miscarriage of justice only when:

> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 546 U.S. 989 (2005).  The burden rests with the defendant to prove a miscarriage of justice.  *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).  The defendant does not assert any ground for finding a miscarriage of justice nor even advocates such a finding.  The court is not alleged to have relied, and did not rely, upon the defendant's color, race, or other impermissible factor.  The sentence here did not exceed the statutory maximum, and the waiver is not otherwise unlawful.  Knowing of nothing to suggest a miscarriage of justice and finding that the defendant's § 2255 motion comes within the scope of the defendant's knowing and voluntary waiver in the plea agreement, the

6

court enforces the defendant's waiver of his right to a collateral attack upon this prosecution, conviction and sentence.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 211) is dismissed and that the government's motion to dismiss the defendant's motion under 28 U.S.C. § 2255 and motion to enforce the plea agreement (Dk. 214) is granted.

Dated this 4th day of March, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge