IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

                              Nos.  03-40100-04-SAC
                                       15-4849-SAC

AHMED MOHAMMED-ABDULLAH-
OMAR AL-HAJ,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Ahmed Al-Haj's pro se motion pursuant to Fed. R. Crim. P. 36 in which he asks the court to resentence him under the safety valve provisions of the United States Sentencing Guidelines. (Dk. 217). The defendant also has filed a separate pleading entitled, "Independent Action pursuant to Rule 60(d)(1) of the Federal Rules of Cv. Proc. Seeking to Vacate the March 17, 2004 Suppression Hearing due to the Discovery of Facts Amounting to Grave Miscarriage of Justice and/or an Unjust Judgment." (Dk. 220). This latter motion has been docketed as a pleading seeking relief pursuant to 28 U.S.C. § 2255 based on arguments and citations appearing in the pleading.

Ahmed Al-Haj conditionally pleaded guilty to count one of indictment that charged him with possession of 332 pounds of

pseudoephedrine in violation of 21 U.S.C. § 841(c)(2), an offense that carries a 20-year statutory maximum. At the sentencing hearing, the court determined that the presentence report ("PSR") was accurate. (Dk. 207, p. 15). The PSR found that the defendant's offense involved 240.4 kilograms of pseudoephedrine resulting in a base offense level of 38 and a total offense level of 40 after an obstruction of justice enhancement.[1] With a criminal history category of one, the sentencing table in the United States Sentencing Guidelines ("Guidelines") advises a sentencing range of 292 to 365 months. The guideline range, however, was 240 months because of the statutory maximum in § 841(c)(2). After weighing all of the relevant factors, the court determined that a sentence of 210 months was "sufficient but not greater than necessary to meet the different purposes of sentencing." (Dk. 180, p. 15; Dk. 207, pp. 4, 15). The judgment was entered on May 5, 2005, showing this sentence of 210 months of imprisonment. (Dk. 185).

        The defendant appealed the denial of his motion to suppress, and the Tenth Circuit affirmed the district court's ruling. *United States v. Al-Haj*, 181 Fed. Appx. 717 (10th Cir. May 19, 2006). Ahmed Al-Haj filed a motion to vacate under 28 U.S.C. § 2255 on September 13, 2007. (Dk. 211). The government responded with its own motion to dismiss Al-Haj's §

---

[1] Even under the drug quantity tables after Amendment 782 to the Sentencing Guidelines, the defendant's base offense level would still be 38 for having more than 9 KG of pseudoephedrine. U.S.S.G. § 2D1.11(d) (2014). Thus, Amendment 782 does not lower the defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a)(2)(B). He is ineligible for a reduced sentence under Amendment 782.

2255 motion and to enforce the plea agreement. (Dk. 214). The court found that the plea agreement plainly and clearly stated that the defendant "'waives any right . . . to collaterally attack any matter in connection with this prosecution, conviction and sentence' and 'also waives any right to challenge a sentence . . . in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255' unless it is a matter that may not be waived under *Cockerham*." (Dk. 216, p. 4 quoting Dk. 147, Plea Agrmt. ¶ 9). The defendant did not offer anything to contradict the plain meaning of this waiver, to come within the scope of a *Cockerham* exception, to show that his waiver was not knowing and voluntary, or to prove a miscarriage from the enforcement of the waiver provision. (Dk. 216). "Knowing of nothing to suggest a miscarriage of justice and finding that the defendant's § 2255 motion comes within the scope of the defendant's knowing and voluntary waiver in the plea agreement, the court enforce[d] the defendant's waiver of his right to a collateral attack upon this prosecution, conviction and sentence." *Id*. at 6-7. Now, almost seven years later, the defendant has filed two motions in the span of a week. (Dks. 217 and 220).

   The defendant's first motion argues that the court has jurisdiction pursuant to Fed. R. Crim. 36 to resentence him and find him eligible for a safety valve reduction. The Tenth Circuit recently summarized the controlling law on Rule 36's very narrow authority for changing a

sentence:

> A district court does not have inherent authority to substantively modify a previously imposed sentence. It may make modifications only pursuant to statutory authorization. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *see also United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). The relevant statute provides:
>> The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.
>
> 18 U.S.C. § 3582(c)(1)(B). We note that Rule 35(a), which allows for the correction of clear errors, such as arithmetic or technical errors, has no application here because it requires corrections to be made within 14 days of sentencing. Fed. R. Crim. P. 35(a). . . .
>
>> . . . .
>
> Rule 36 states that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record." Fed. R. Crim. P. 36. While Rule 36 does not give a court authority to substantively change a defendant's sentence, it authorizes amendment to a written judgment to bring it into conformity with an orally pronounced sentence. *United States v. Sasser*, 974 F.2d 1544, 1561–62 (10th Cir. 1992); *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995). Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors "of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir.2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir.2004)). A Rule 36 clerical error "should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue"; thus, notice to the defendant is not strictly required. *Werber*, 51 F.3d at 347; Fed.R.Crim.P. 36 (directing a court to give only such "notice it considers appropriate"). It does not apply to judicial errors, arising from oversight or omissions made by the court itself when issuing its oral order. *United States v. Daddino*, 5 F.3d 262, 264–65 (7th Cir.1993).

*United States v. Kieffer*, --- Fed. Appx. ---, 2014 WL 7238565 at *5-*6 (10th Cir. Dec. 22, 2014). It is clear that the defendant is seeking a substantive change to his sentence and not a correction of a non-substantive

clerical error. The defendant cites nothing from the sentencing hearing transcript to support a valid claim for Rule 36 relief. "Rule 36 does not authorize substantive sentencing modification." *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (citations omitted). Rule 36 does not give this court inherent jurisdiction to modify the defendant's sentence as to consider his eligibility for a safety valve reduction. This court is without jurisdiction to reduce the defendant's sentence on this argument.

While entitling his second motion as brought under Rule 60(d)(1), the defendant is plainly seeking relief under a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. (Dk. 220). *See United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) (stating that even though the claimant had invoked Fed. R. Civ. P. 60(d), the Court had to examine the relief sought rather than the title or form "to determine whether it [was] a second-or-successive collateral attack on [the] conviction"). A 60 motion is to be treated as a successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A valid Rule 60 motion challenges "only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . .; or . . . challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack on the

disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1216. Al Haj's motion singularly challenges the district court's suppression ruling which the Tenth Circuit affirmed on direct appeal and takes up no challenge to the court's prior order dismissing his first § 2255 motion on the grounds of waiver in the plea agreement. Because Al Haj is seeking relief from his underlying conviction, the court must treat his filing as a second motion under § 2255 which can only be brought if the procedural requirements are satisfied under § 2255(h). *See Baker*, 718 F.3d at 1208; *United States. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Thus, without prior authorization under § 2255(h) from the court of appeals, this court has no jurisdiction to consider Al Haj's motion and dismisses the same.

"The district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires petitioner to obtain a COA before he or she may appeal." *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For a certificate of appealability ("COA"), Al Haj must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). There is no dispute that Al Haj's motion attacks only the underlying suppression ruling and integrity of his conviction, and not the integrity of the prior § 2255 proceeding. No jurist

of reason could reasonable debate the correctness of the above dismissal for lack of jurisdiction.

IT IS THEREFORE ORDERED that the defendant Ahmed Al-Haj's pro se motion pursuant to Fed. R. Crim. P. 36 in which he asks the court to resentence him under the safety valve provisions of the United States Sentencing Guidelines. (Dk. 217) is dismissed for lack of jurisdiction;

IT IS FURTHER ORDERED that the defendant's "Independent Action pursuant to Rule 60(d)(1) of the Federal Rules of Cv. Proc. Seeking to Vacate the March 17, 2004 Suppression Hearing due to the Discovery of Facts Amounting to Grave Miscarriage of Justice and/or an Unjust Judgment" (Dk. 220) is dismissed for lack of jurisdiction and the defendant is denied a certificate of appealability.

Dated this 5th day of February, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge