IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

Vs.

                           Nos.  03-40100-04-SAC
                                  15-4849-SAC

AHMED MOHAMMED-ABDULLAH-
OMAR AL-HAJ,

            Defendant.

MEMORANDUM AND ORDER

       The case comes before the court on the defendant Ahmed Al-Haj's pro se motion to alter or amend or for reconsideration of the court's order filed February 5, 2015, that dismissed for lack of jurisdiction his pro se motion (Dk. 217), "Pursuant to Federal Rules of Criminal Procedure, Rule 36," and his separate pleading entitled (Dk. 220), "Independent Action pursuant to Rule 60(d)(1) of the Federal Rules of Cv. Proc. Seeking to Vacate the March 17, 2004 Suppression Hearing due to the Discovery of Facts Amounting to Grave Miscarriage of Justice and/or an Unjust Judgment." (Dk. 221). The court docketed and decided the defendant's second pleading as seeking relief pursuant to 28 U.S.C. § 2255 based on arguments and citations made therein.

       Ahmed Al-Haj's most recent motion argues the court

misconstrued his first filing as a Rule 36 motion "when the substance and form of his motion would a lead a reasonable person to conclude that his motion was an independent action and therefore, cognizable for this most Honorable Court to entertain." (Dk. 224, p. 2). The defendant fails to argue any clear error or manifest injustice in the court's handling and disposition of his Rule 36 motion. Not only did the defendant entitle his motion as brought under Rule 36, but also he couched the court's jurisdiction of his motion exclusively on Rule 36. The motion did not raise any issue indicating an intention on his part to bring a separate collateral attack on the legality of his original sentencing.

Even assuming the defendant had included this safety valve eligibility argument in his last Rule 60(d)(1) pleading, which the court did construe as seeking relief pursuant to 28 U.S.C. § 2255, the court still would have dismissed it as a second motion under § 2255 which can only be brought if the procedural requirements are satisfied under § 2255(h). Neither Rule 60(d) nor § 2255 provide this court with inherent powers to modify the defendant's sentence now by considering his original eligibility for a safety valve reduction.

IT IS THEREFORE ORDERED that the defendant Ahmed Al-Haj's pro se motion to alter or amend or for reconsideration of the court's order filed February 5, 2015, that dismissed for lack of jurisdiction his pro se Rule 36 motion (Dk. 224) is denied.

Dated this 13th day of March, 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge