IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.

        Nos.  03-40100-04-SAC
                  15-4849-SAC

AHMED MOHAMMED-ABDULLAH-
OMAR AL-HAJ,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Ahmed Al-Haj's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 231). In his motion, the defendant asks for relief based on the retroactive guideline amendment to the drug quantity tables made effective on November 1, 2015. U.S.S.G. § 1B1.10(e). This is known as Amendment 782. *See United States v. Gay*, 771 F.3d 681, 683 n.1 (10th Cir. 2014),

This court has already determined in an order filed in the record that the defendant is ineligible for a sentence reduction under Amendment 782. In its order filed February 5, 2015, the court summarized the defendant's sentence:

    Ahmed Al-Haj conditionally pleaded guilty to count one of

> indictment that charged him with possession of 332 pounds of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2), an offense that carries a 20-year statutory maximum. At the sentencing hearing, the court determined that the presentence report ("PSR") was accurate. (Dk. 207, p. 15). The PSR found that the defendant's offense level of 38 and a total offense level of 40 after an obstruction of justice enhancement.

(Dk. 221, pp. 1-2). To this summary, the court attached a footnote that explained:

> Even under the drug quantity tables after Amendment 782 to the Sentencing Guidelines, the defendant's base offense level would still be 38 for having more than 9 kg of pseudoephedrine. U.S.S.G. § 2D1.11(d) (2014). Thus, Amendment 782 does not lower the defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a)(2)(B). He is ineligible for a reduced sentence under Amendment 782.

(Dk. 221, p. 2, n.1). This determination remains correct and is not challenged by the defendant who has not offered any application of Amendment 782 to his case. Because the amendment "does not have the effect of lowering the defendant's applicable guideline range," a sentence reduction here "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B) relief. Thus, this court "lacks statutory authority to reduce the defendant's sentence under § 3582(c)(2)." *United States v. Kurtz*, 819 F.3d 1230, 1235 (10th Cir. 2016). For these reasons, the defendant's motion is summarily denied.

IT IS THEREFORE ORDERED that the defendant Ahmed Al-Haj's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)

(Dk. 231) is denied.

Dated this 15th day of June, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge