IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                          No. 03-40100-04-SAC

AHMED MOHAMMED-
ABDULLAH-OMAR AL-HAJ,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the defendant Ahmed Al-Haj's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) and (6). ECF# 237. The defendant conditionally pleaded guilty on January 19, 2005, to count one of the indictment that charged him with violating 21 U.S.C. § 841(c)(2) by possessing 332 pounds of pseudoephedrine while having reasonable cause to believe it would be used to manufacture methamphetamine. After receiving a sentence of 210 months' imprisonment, the defendant appealed the district court's suppression ruling, and the Tenth Circuit affirmed that ruling. *United States v. Al-Haj*, 181 Fed. Appx. 717 (10th Cir. May 19, 2006) (unpub). The defendant has pursued repeatedly

1

post-conviction relief by filing a § 2255 motion, ECF# 211; a motion to reduce sentence, ECF# 217; a second § 2255 motion, ECF# 220; a second motion to reduce sentence, ECF# 231; and two motions for relief from judgment that were treated as successive § 2255 motions, ECF## 233 and 235. The defendant has not received the relief requested in those motions.

Now the defendant Al-Haj asks this court pursuant to Fed. R. Civ. P. 60(b)(4) to intervene in a 2003 forfeiture case before the District Court of Russell County, Kansas, involving what he claims to be his $4,453 in cash and his 1998 Chevy Tahoe. ECF# 237. The defendant Al-Haj argues his property was forfeited and seized without due process of law. He generally admits not prevailing on his prior state court requests for return of his property, but he still has a pending state motion for return of property for which he has received no response. Al-Haj summarily argues that he was "never officially put on notice of the forfeiture proceeding," that he was denied "the opportunity to contest the forfeiture proceeding," that he was prevented from offering "evidence of legitimate means of income," and that "no attorney or counsel made any appearance on . . . [his] behalf at the forfeiture proceeding." ECF# 237, pp. 2-3. For his relief, the defendant Al-Haj asks this court to sustain his arguments and vacate the state court forfeiture

proceedings as being a void judgment under Rule 60(b)(4) or as justifying other relief under Rule 60(b)(6).

To his motion, Al-Haj attaches the memorandum of decision issued by the District Court of Russell County, Kansas, on April 20, 2006, as part of the state forfeiture proceeding. ECF# 237-2. Contrary to Al-Haj's arguments, the decision recounts that Al-Haj was represented by counsel who contested the forfeiture proceeding and that Al-Haj appealed the district court's first forfeiture order to the Kansas Court of Appeals. On appeal, the district court's finding that Al-Haj had failed to file a proper claim was affirmed, but the panel remanded the case for the probable cause determination required for forfeiture. The district court on remand determined from the record and transcripts of the prior hearing that, "[b]ased upon the totality of the circumstances, this court finds an officer would have reasonable suspicion and probable cause to determine there had been a violation of the Uniform Controlled Substances Act giving rise to a forfeiture action." ECF#237-2, p. 4. The district court therefore ordered the property forfeited to the seizing agency which was the Russell County Sheriff's Department. *Id.* From what is submitted, the court does not see that the Al-Haj appealed from this final order of forfeiture. In fact, Al-Haj looks to have

3

waited over a decade before filing in state court a "motion for return of property" in 2017.

The court's research found the Kansas Court of Appeals' published decision in Al-Haj's state forfeiture proceeding. *State v. $6,618.00 U.S. Currency*, 35 Kan. App. 2d 54, 128 P.3d 413 (2006). The decision summarizes that the forfeiture proceeding was commenced under the Kansas Standard Asset Seizure and Forfeiture Act (K.S.A. 60-4101 *et seq.*) when the State filed a notice of pending forfeiture on May 21, 2003, and Al-Haj filed a claim for $4,453 and the Tahoe pursuant to K.S.A. 60-4111. The State "filed an in rem forfeiture action under K.S.A. 60-4113" and alleged in the complaint that it believed Al-Haj's "claim was invalid." 35 Kan. App. 2d at 56. The State argued at the bench trial that Al-Haj's claim was deficient under state law in not including "the date, the identity of the transferor, and a detailed description of the circumstances of the claimant's acquisition of the interest in the property." *Id.* The district court heard all the evidence without denying the claim, but later issued a written decision denying the claim for failure to satisfy the requirements of K.S.A. 60-4111. *Id.* at 56-57. On appeal, the panel held that the requirements were mandatory and that the "failure to file a proper claim deprives a claimant of standing to file an answer and

4

litigate his or her claim in the subsequent in rem forfeiture proceeding." *Id.* at 59. The panel, however, did vacate the forfeiture order and remand the case for the district court to make a probable cause determination. *Id.* at 60. The panel ordered, "If there is a finding of probable cause, the district court shall order the property forfeited to the seizing agency." *Id.* As noted above, the Russell County District Court complied on remand by determining there was probable cause and ordering the property to be forfeited to the seizing agency. ECF# 237-2, p. 4.

Al-Haj has filed this motion in his criminal case asking for relief under Rule 60(b) of the Federal Rules of Civil Procedure, specifically, the return of his property, and alleging a denial of due process. "Rule 60(b) does not apply to a criminal proceeding." *United States v. Edge*, 315 Fed. Appx. 92, 94–95 (10th Cir. 2009)(unpub.) (citing *United States v. Spry*, 260 Fed. Appx. 52, 54 (10th Cir.), *cert. denied*, 553 U.S. 1086 (2008); *United States v. Ramirez*, 211 Fed. Appx. 712, 714 (10th Cir. 2007); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999) (same)). For that matter, this rule cannot be used as "an independent source of jurisdiction in a criminal case."

*Edge*, 315 Fed. Appx. at 95 (citing *Ramirez*, 211 Fed.Appx. at 714; *see also United States v. Johnson*, 159 Fed. Appx. 835, 838-39 (10th Cir. 2005) ("60(b) has a 'valid role to play in habeas cases,' it does not provide relief from judgment in a criminal case." (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 533-34, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and citing *Mosavi*, 138 F.3d at 1366)). Moreover, a motion under Rule 60(b) is for seeking relief from a judgment entered in federal court, and it is not a means for attacking a state court judgment as void or deficient. *Loggins v. Kansas Dept. of Corrections,* 2011 WL 2471287 at *1 n.1 (D. Kan. Jun. 22, 2011). And if the court were to construe Al-Haj's motion as seeking relief pursuant to Fed. R. Crim. P. Rule 41(g), the motion would still be denied. First, Al-Haj had an adequate remedy at law, and the equitable remedy under Rule 41(g) is unavailable. *United States v. Copeman*, 458 F.3d 1070, 1071, 1073 (10th Cir. 2006) (Rule 41(g) is not a mechanism for challenging state judicial-forfeiture proceedings). Second, because Al-Haj's property is not "being held for potential use as evidence in a federal prosecution," the United States has no interest in the property. *Id.* at 1072. Al-Haj has not filed a viable motion for relief in this case.

IT IS THEREFORE ORDERED that the defendant Ahmed

Al-Haj's motion for relief pursuant to Fed. R. Civ. P. 60(b)(4) and (6) ECF# 237 is denied for seeking relief under Rule 60(b) that is inapplicable here and is further denied for there is no available relief under Fed. R. Crim. P. 41(g).

Dated this 22nd day of June, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge